J. S. BROGAN *vs*. ALEXANDER MCEACHERN and LOGS.

ANDREW MCKINNON *vs*. SAME.

JAMES RICHARD *vs*. SAME.

JOSEPH ROBITAILLE *vs*. SAME.

JOSEPH CARTER *vs*. SAME.

ALONZO JOHNSTON *vs*. SAME.

DONALD MURRAY *vs*. SAME.

JAMES KENNEDY *vs*. SAME.

COLIN MCEACHERN *vs*. SAME.

GARDINER PICKETT *vs*. SAME.

Piscataquis.     Opinion November 21, 1907.

*Logs and Lumber.   Labor Liens.   "Marks" on Logs.  "Name" of Mark. Assignment of Lien Claims.   Non-Lien Items.   Officer's Return to Town Clerk.   Immaterial Evidence.*

Where in an action to enforce a lien for labor on logs marked with a certain mark and a fac-simile of that mark is given in the command in the writ directing the officer to attach such logs, it is not necessary to give the mark a name, and the addition of a name is surplusage.

When the true and actual mark upon logs is correctly given in a writ in an action to enforce a lien for labor on such logs and the logs with that

mark are attached and are the logs upon which the lien is claimed, the mark itself identifies the logs, and the name given to that mark is wholly immaterial.

Where an order for the amount due him has been given to a laborer who has worked on logs and has a lien thereon for his services and such laborer assigns such order, the assignee thereof becomes the assignee of the claim for wages due such laborer and also of the lien upon the logs for the labor done upon them by such laborer, and may maintain an action in the name of such laborer to enforce the lien.

It is immaterial whether or not an order given to a laborer for the amount due him for his services on logs contains non-lien items when in a suit to enforce the lien of such laborer the action is brought upon the account for labor, and not upon the order, and before trial all non-lien items are eliminated from the account and the verdict is for lien items only.

When an officer has attached personal property which by reason of its bulk cannot be immediately removed, he is not required to file in the office of the clerk of the town in which the attachment was made, a full copy of his return upon the writ but only " so much of his return on the writ, as relates to the attachment, with the value of the defendant's property which he is thereby commanded to attach, the names of the parties, the date of the writ, and the court to which it is returnable." The statute, R. S., chapter 83, section 27, does not require the copy filed with the town clerk to contain a statement that the property attached could not be removed by reason of bulk.

When evidence has been admitted in the trial of a cause and it appears that such evidence was absolutely immaterial and without weight upon the issue on trial and that the party excepting thereto was not aggrieved by its admission, exceptions to the admission of such evidence will not be sustained even if the evidence was inadmissible.

On motions and exceptions by defendant Thomas Gilbert. Overruled.

Ten actions of assumpsit, each on an account annexed, against the defendant Alexander McEachern. The plaintiffs had been employed by the said defendant McEachern in a logging operation carried on by him for Thomas Gilbert, the owner of the logs. In each action, the plaintiff claimed a lien for labor on or about the logs in the logging operation, and logs were attached on each writ, in these actions, to enforce the alleged lien.

In each writ, in the command to the officer to attach logs, a facsimile of the mark on the logs was given and next after the facsimile the following was added "(T diamond-girdle G.)"

In each action, Thomas Gilbert, the owner of the logs, appeared to defend the alleged lien and thereby became a party defendant so far as the attached logs were concerned.

In the first of the above entitled actions the defendant Gilbert filed a plea as follows:

"STATE OF MAINE.

"Piscataquis, ss.

"Supreme Judicial Court, February Term, A. D. 1907.

"J. S. Brogan vs. Alexander McEachern and certain pine and spruce logs marked [Here follows a fac-simile of the mark on the logs] (T-diamond-girdle-G) and being the same logs that were cut the past winter by said McEachern and landed on Ship Pond Stream in Elliottsville Plantation in the County of Piscataquis, in said State, said logs being the property of Thomas Gilbert or persons unknown.

"And now, Thomas Gilbert, owner of the logs above described, comes and defends &c., when &c., and for plea says that the defendant Alexander McEachern never promised the plaintiff in manner and form as the plaintiff in his writ and declaration has declared against him and of this he puts himself on the country.

"By J. B. PEAKS, his Attorney."

In addition to this plea, the defendant Gilbert also filed the following brief statement: "And for brief statement said Gilbert further says that the plaintiff has no lien on the logs described in his writ and as therein alleged by him, and of this he claims a trial of the issue."

A similar plea, with the necessary change as to name of plaintiff, and a similar brief statement, was filed by the defendant Gilbert in all the other actions.

These ten actions were all tried together at the February term, 1907, of the Supreme Judicial Court, Piscataquis County. The verdict was for the plaintiff in each action for the amount legally due him for labor on the logs. Also in each action the following questions were submitted to the jury: (1) "Were the logs

described in the writ the same logs which were attached and returned by the officer?" (2). "Did the plaintiff have a lien on the logs described in his writ?" (3). "If the plaintiff had such lien was it continued by the attachment and return of the officer?" The jury answered each question in the affirmative.

During the trial of these actions, the plaintiffs offered evidence that the defendant McEachern drew orders upon the said Thomas Gilbert, the owner of the logs attached, "for the payment of the several sums due the plaintiffs by order of Thomas Gilbert, and that Thomas Gilbert promised the said Alexander McEachern that he would see the orders paid." The said "Thomas Gilbert seasonably objected to this testimony, because the actions were not upon the orders, but were an attempted enforcement of lien claims." This testimony was admitted and the defendant Gilbert excepted. The defendant Gilbert also filed a general motion in each of the aforesaid actions to have the verdict set aside.

The case shows that the defendant McEachern had given each plaintiff an order on the defendant Gilbert, for the amount due him and that these orders were all sold by the several plaintiffs to the Moosehead Clothing Company. The case also shows that some of the plaintiffs had labored from two to eleven Sundays each on the logs, but that at the trial all these Sunday items were struck out.

All the material facts appear in the opinion.

*J. S. Williams and W. E. Parsons*, for plaintiffs.

*Joseph B. Peaks*, *C. J. Dunn and C. W. Hayes*, for defendant Thomas Gilbert.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, CORNISH, KING, JJ.

STROUT, J. The above ten cases were tried together. In each a lien was claimed upon the logs attached for labor on and about them in a logging operation, carried on by the principal defendant, for Thomas Gilbert, the owner of the logs. The question in all of them was whether each plaintiff had a lien, and had perfected it in accordance with the statute. Upon this question the evidence was

practically the same in each case, except some minor difference alleged as to the officer's certificate of attachment to the town clerk. It was agreed that the evidence in all should be considered in each.

The logs cut and attached were marked "T" with the figure of a diamond and girdle and "G." Gilbert became a party to the suit to protect his interest. Each plaintiff had a verdict for the amount due him for labor upon the logs, and establishing a lien upon them.

The cases are here upon motions for new trials and exceptions.

As to the motions. The writs commanded the officer to attach certain logs marked, and here was given a fac-simile of the mark, and after that was added in parenthesis ("T diamond-girdle G") It is objected that the true name of the mark is "slue diamond girdle," and that it is mis-named in the writ. Great stress is laid upon this by the counsel for defense, but in our view it is easily disposed of. The writ gave the correct mark. It was not necessary to give it a name. The addition of the name is surplusage. The true and actual mark upon the logs is correctly given in the writs, and the defendant's logs with that mark were attached and are the logs upon which the liens were claimed. The mark identified the logs, and the name given to that mark is wholly immaterial. But if this were not so Colin W. McEachern testified that Gilbert "looked the mark over as we were putting it on, copying it from the paper, and said it was correct, "T. diamond girdle G." "He called it diamond girdle G.," the name given in the writ. Gilbert does not deny this. It hardly lies in his mouth to say that the name he gave the mark is incorrect, upon the testimony of witnesses, some of whom give it one name and some the other.

It appears that defendant McEachern gave each of the plaintiffs orders upon Gilbert for the amounts due, and the holders, the laborers, sold these orders to the Moosehead Clothing Company, who thereby became the assignee of the claim for wages due the laborers, and also of the lien upon the logs for the labor done upon them, and may maintain an action thereon in the name of the laborers to enforce the lien. *Murphy* v. *Adams,* 71 Maine, 113; *Phillips* v. *Vose,* 81 Maine, 134.

It is said the orders included non-lien items but if that is so, the actions were not upon the orders, but upon accounts for labor upon the logs, from which before trial all non-lien items were carefully eliminated. It is therefore immaterial, whether the orders included non-lien items or not, the verdicts were for lien items only. The evidence clearly shows that each plaintiff had a lien upon the logs marked with the characters copied in the writs, and that those logs were attached by the officer to perfect and secure the liens.

But it is argued that the attachments were not perfected by the officer, in his return of the attachments to the town clerk, and that thereby the liens have been lost. The statute requires the officer to file with the town clerk not a full copy of his return upon the writ, but "so much of his return on the writ as relates to the attachment, with the value of the defendant's property which he is thereby commanded to attach, the names of the parties, the date of the writ, and the court to which it is returnable." The officer certifies he has done this, but this may be contradicted by the actual return made, if that does contradict it. We have been furnished with only one of the officer's returns to the town clerk, that in which Brogan is plaintiff, which contains everything required by the statute. It does not contain 'the statement that the logs by reason of bulk could not be removed, but the statute does not require this. The objections to the returns to the clerk in the other suits do not impress us as of weight, and are not much relied upon by counsel. The verdicts are supported by the evidence.

As to the exceptions. Evidence was offered that the principal defendant drew orders upon Gilbert, owner of the logs, for the payment of the several sums due the plaintiffs, by order of Gilbert, and that he promised the principal defendant that he would see the orders paid. This evidence was admitted against objections by Gilbert, "because the actions were not upon the orders, but were an attempted enforcement of lien claims." This is the only exception presented. The issue, as claimed by Gilbert, was whether there was a lien, perfected or not. The orders and the promise to pay them had no tendency to establish or disprove the lien, and, whether the evidence was admissible or not, it was absolutely immaterial and

without weight upon the issue on trial. Gilbert could not have been aggrieved by its admission. In such case, even if the evidence was inadmissbile, the exceptions will not be sustained. *Tarr* v. *Smith*, 68 Maine, 97 ; *Decker* v. *Somerset Ins. Co.*, 66 Maine, 406 ; *Soule* v. *Winslow*, 66 Maine, 447 ; *Millett* v. *Marston*, 62 Maine, 477.

The entry in each case must be,

*Exceptions and motion overruled.*